IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC REDMAN, | : | Civil No. 3:18-cv-44 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| WARDEN DAVID EBBERT, | : | |
| Respondent | : | |

## MEMORANDUM

Presently before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Eric Redman ("Redman"), a federal inmate confined at the United States Penitentiary in Lewisburg, Pennsylvania. (Doc. 1). Redman challenges his guilty plea and sentence imposed by the United States District Court for the District of Columbia. (*Id.*). In his habeas petition, Redman requests that this Court void his underlying criminal judgment, dismiss the superseding indictment, and release him from custody. (*Id.* at p. 8).

Preliminary review of the petition has been undertaken, *see* R. GOVERNING § 2254 CASES R.4,[1] and, for the reasons set forth below, the Court will dismiss the petition for lack of jurisdiction.

---

[1] Rule 4 provides, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *See* R. GOVERNING § 2254 CASES R.4. These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. *Id.* at R.1(b).

I. **Background**

On September 21, 2000, a six-count superseding information was filed charging Redman with one count of Unlawful Possession with Intent to Distribute five (5) Grams or More of Crack Cocaine (count 1), one count of Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense (count 2), one count of Aggravated Assault (count 3), one count of Attempted Assault with a Dangerous Weapon (count 4), one count of Attempted Kidnapping (count 5), and one count of Attempted First Degree Sexual Abuse (count 6). *See United States v. Redman*, No. 1:00-cr-198 (D.D.C.); *see also United States v. Redman*, 331 F.3d 982, 983 (D.C. Cir. 2003).

On September 22, 2000, Redman pled guilty to all counts of the superseding information, in accordance with a written plea agreement. *Id.*

On January 31, 2001, Redman was sentenced in the United States District Court for the District of Columbia to consecutive terms of one hundred and twenty-one (121) months' incarceration on count 1, five (5) years' incarceration on count 2, to be followed by concurrent terms of five (5) years of supervised release, and forty-two (42) to one hundred (100) months' incarceration on count 3, and twenty (20) to sixty (60) months' incarceration on each of counts 4 through 6. *United States v. Redman*, No. 1:00-cr-198 (D.D.C.).

On August 1, 2010, Redman filed a motion to reduce sentence on count 1 based on amendments to the United States Sentencing Guidelines which lower the base offense

2

levels applicable to most cocaine base ("crack") offenses. *Id.* at (Doc. 54). On March 8, 2011, the sentencing court denied the motion for a reduction of sentence. *Id.* at (Doc. 60).

On June 16, 2016, Redman moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *Id.* at (Doc. 65). Redman argued that the Court lacked jurisdiction to enter the judgment because the offenses were improperly joined. *Id.* Specifically, he stated that it was improper for his D.C. Code offenses to be joined with his U.S. Code offense in a superseding indictment. *Id.* On August 19, 2016, the District Court denied Redman's § 2255 motion to vacate as time-barred. *Id.* at (Doc. 71). The District Court noted that there is a one-year period of limitations to file a § 2255 motion, and that Redman filed his § 2255 motion nearly thirteen (13) years after his judgment of conviction became final. *Id.* Redman did not appeal. *Id.*

Redman filed in the instant federal habeas petition on January 8, 2018. (Doc. 1). Redman again argues that the District of Columbia Court exceeded its jurisdiction by improperly joining offenses against him. (*Id.*).

II. <u>**Discussion**</u>

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. *Okereke v. United States*, 307 F.3d 117 (3d Cir. 2002) (citing *Davis v. United States*, 417 U.S. 333, 342 (1974)); *see In re Dorsainvil*, 119 F.3d 245 (3d

3

Cir. 1997). Once relief is sought via section 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional law." 28 U.S.C. § 2255.

Further, such claims may not be raised in a § 2241 petition except in unusual situations where the remedy by motion under § 2255 would be inadequate or ineffective. *See* 28 U.S.C. § 2255; *see Dorsainvil*, 119 F.3d at 251-52. The burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness. *See Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971). Importantly, § 2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief. *See Dorsainvil*, 119 F.3d at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this Court. *Cradle v. United States*, 290 F.3d 536, 539 (3d Cir. 2002); *United States v. Brooks*, 230 F.3d 643, 647 (3d Cir. 2000); *Dorsainvil*, 119 F.3d at 251. If a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. *Application of Galante*, 437 F.2d at 1165.

Redman's present claims fall within the purview of § 2255. Redman acknowledges that he previously filed a § 2255 motion with the sentencing court raising the same claims. The sentencing court denied the petition as time-barred. Redman failed to appeal the

sentencing court's denial of his § 2255 motion to the United States Court of Appeals for the District of Columbia Circuit. Redman asserts that § 2255 is an inadequate remedy because the District of Columbia Court denied the motion on timeliness grounds. (Doc. 2, p. 5). The fact that the sentencing court denied his § 2255 motion does not make § 2255 relief inadequate or ineffective. *See Cradle*, 290 F.3d at 539 (petitioner "cannot contend that § 2255 is inadequate or ineffective to protect him, even if he cannot prevail under it"); *Long v. Fairton*, 611 F. App'x 53, 55 (3d Cir. 2015) (nonprecedential) ("Critically, § 2255 is not inadequate or ineffective merely because the petitioner cannot satisfy § 2255's timeliness or other gatekeeping requirements."). The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. Consequently, the instant petition will be dismissed for lack of jurisdiction.

A separate Order shall issue.

Dated: January 17th, 2018

Robert D. Mariani
United States District Judge